UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PETER A. GRANDPRE (#526210)            CIVIL ACTION NO.

VERSUS            21-191-SDD-SDJ

DARREL VANNOY, ET AL.

### ORDER

Peter A. Grandpre, who is representing himself and was previously confined at the Louisiana State Penitentiary in Angola, Louisiana, instituted this action on or about April 6, 2021, against Darrel Vannoy, R.E. Barrow, Jr. Treatment Center, Jasmyne Irvine, Robert Wright, B. Delaney, and Trent Barton ("Defendants") pursuant to 42 U.S.C. § 1983.[1] It appears Grandpre is attempting to allege that Defendants were deliberately indifferent to his serious medical needs and that his due process rights were violated in connection with the disciplinary proceedings brought against him for the fight occurring on April 4, 2020.[2] In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendants' participation in the alleged wrong.[3] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[4] Grandpre has not alleged facts regarding the specific acts or omissions of all defendants that allegedly violated his constitutional rights. Instead of having his lawsuit dismissed at this time, Grandpre should be given another opportunity to allege specific facts that he believes support his claims, if possible.[5] Accordingly,

---

[1] R. Doc. 1.
[2] R. Doc. 1. The Court reads the Complaint as only alleging a deliberate indifference to a serious medical needs claim, a claim for issuance of the alleged false disciplinary report, a Due Process claim for the sentence to segregation, and a conditions of confinement claim relative to the conditions endured in segregation. To the extent Grandpre is attempting to allege any other claims, such as a failure to protect, he should clearly indicate so in his amended complaint and support those claims with specific facts against specific defendants.
[3] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[5] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

**IT IS ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint on the standardized § 1983 lawsuit form (the same form he used before), stating specific facts to support his claims. In this repleading, Plaintiff shall list each Defendant individually and explain the acts or omissions of each Defendant that Plaintiff believes violated his constitutional rights. Plaintiff is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating only that that he was retaliated against. Plaintiff's amended complaint must expressly state the following:

1) To whom did Grandpre complain regarding his injuries/seek medical attention from and when;[6]

2) What injuries did Grandpre sustain as a result of the initial delay of medical care;[7]

3) How long, total, was Grandpre held in disciplinary segregation;[8]

4) Whether the complained-of disciplinary violation ever reversed; and

5) Specify the exact conditions endured while in segregation that Grandpre alleges violate the Eighth and Fourteenth Amendments.[9]

Plaintiff is placed on notice than an amended complaint takes the place of the previous complaints.[10] His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Plaintiff is instructed to place the cause number "3:21cv191"

---

[6] The Court notes that though Grandpre has generally named the R.E. Barrow, Jr. Treatment Center and has named supervisory officials such as Darrel Vannoy, the claims against these Defendants will likely be unsuccessful. The R.E. Barrow, Jr. Treatment Center is not a party subject to suit under § 1983, and Vannoy appears to be named only in his supervisory capacity. *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) ("[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."). Thus, Grandpre's claims need to be specifically alleged against the individuals whom he holds specifically responsible for the lack of medical care.

[7] A mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Thus, Grandpre must allege facts to indicate that the delay of 9 days to see the EMT constituted deliberate indifference and caused a substantial harm.

[8] Though Plaintiff states he was housed in segregation for 129 days, the Court wants to ensure this was the total time. R. Doc. 1, p. 11.

[9] Grandpre must be far more specific than "unlivable conditions." R. Doc. 1, p. 11.

[10] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).

on the amended complaint and on all documents that he files in this lawsuit. Plaintiff is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this order.

Signed in Baton Rouge, Louisiana, on October 26, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**